

CLERK'S OFFICE
A TRUE COPY
Mar 22, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE SEARCH OF
Information associated with the following Gmail
accounts: freedomtaxxes@gmail.com,
maxxedtaxservices@gmail.com, and
maxxedfinancial@gmail.com which are stored at
premises owned, maintained, controlled, or operated by
Google, LLC, a company headquartered in Mountain View,
California.

Case No.

**23-M-347 (SCD)**

---

### APPLICATION FOR ORDER COMMANDING GOOGLE LLC NOT
### TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

---

The United States requests that the Court order Google LLC ("Provider") not to notify any

person (including the subscribers or customers of the account(s) listed in the Search Warrant) of

the existence of the attached Search Warrant for a time period of one year.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C.

§ 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18

U.S.C. § 2703, the United States obtained the attached Search Warrant, which requires the Provider

to disclose certain records and information to the United States. This Court has authority under 18

U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service

or remote computing service to whom a warrant, subpoena, or court order is directed, for such

period as the court deems appropriate, not to notify any other person of the existence of the warrant,

subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached Search Warrant

relates to an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly,

there is reason to believe that notification of the existence of the attached Search Warrant will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the attached Search Warrant, except that the Provider may disclose the attached Search Warrant to an attorney for the Provider for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed by the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted, this 22nd day of March, 2023

GREGORY J. HAANSTAD
United States Attorney


By:   *s/ Rebecca L. Taibleson*
REBECCA L. TAIBLESON
Assistant United States Attorney
United States Attorney's Office
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Tel: (414) 297-1700

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



CLERK'S OFFICE
A TRUE COPY
Mar. 22, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

IN THE MATTER OF THE SEARCH OF
Information associated with the following Gmail
accounts: freedomtaxxes@gmail.com,
maxxedtaxservices@gmail.com, and
maxxedfinancial@gmail.com which are stored at
premises owned, maintained, controlled, or operated by
Google, LLC, a company headquartered in Mountain View,
California.

Case No.

23-M-347 (SCD)

### ORDER COMMANDING GOOGLE LLC NOT TO NOTIFY
### ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that

the Court issue an Order commanding Google LLC ("the Provider"), an electronic communications

service provider and/or a remote computing service, not to notify any person (including the subscribers

or customers of the account(s) listed in the Search Warrant) of the existence of the attached Search

Warrant for a time period of one year.

The Court determines that there is reason to believe that notification of the existence of the

attached Search Warrant will seriously jeopardize the government investigation, including by giving

targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence,

change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that the Provider shall not disclose

the existence of the attached Search Warrant or this Order of the Court, to the listed subscriber or to any

other person, for a time period of one year, except that the Provider may disclose the attached Search

Warrant and this Order of the Court to an attorney for the Provider for the purpose of receiving legal

advice.

IT IS FURTHER ORDERED that the application and this Order are sealed for one year or until

the search warrant is returned executed, whichever occurs first.

3-22-23
_____
Date

_____
HONORABLE STEPHEN C. DRIES
United States Magistrate Judge